# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,  :
:
v.  : CRIMINAL CASE NO.:
: 1:12-CR-79-SCJ
MARCO LARENZO HINES,  :
:
Defendant.  :
:

## ORDER

This matter appears before the Court for consideration of the magistrate judge's January 9, 2013 Report and Recommendation ("R&R") [Doc. No. 34], in which The Honorable Gerrilyn G. Brill, United States Magistrate Judge, recommended that Defendant Marco Larenzo Hines's Motion to Suppress Statements and Evidence [Doc. No. 19] be granted in part and denied in part. Specifically, Judge Brill recommended that Defendant's statement that he had a weapon in his waistband and the gun found in his possession not be suppressed, but that his statement after the gun was found in his possession be suppressed. Id. at p. 34. Judge Brill also recommended that the Defendant's Motions to Dismiss Indictment [Doc. Nos. 16, 18] be denied.

The Indictment charges Defendant with being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). Doc. No. 1.

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b)(2), and the Court's order granting an extension of time to file objections [Doc. No. 39], the Defendant timely filed an objection to the magistrate's R&R. Doc. No. 41. Defendant objects to: (1) the magistrate's factual findings as to the motion to suppress; (2) the magistrate's legal findings as to the motion to suppress; and (3) the magistrate's legal findings as to the motion to dismiss. Id.

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The district judge must also "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's

recommendation." United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam).[1] The Court has read the transcript of the hearing in the case *sub judice* and will address the Defendant's objections as follows.

## I. Factual findings – motion to suppress

Defendant objects to the following:

> (1) The magistrate's omission of the testimony that Officer Sluss and Officer Alejandro saw what they believed was Defendant committing an infraction of a City Ordinance and intended to confront him. Doc. No. 28-12, 23. The officers believed they had probable cause to arrest Defendant [Doc. No. 28-17] and both officers had made in excess of 100 arrests for drinking in public. Doc. No. 28-25, 35.
>
> (2) The magistrate's finding that "[t]he officers then drove their vehicle towards the bus stop, exited their vehicle and walked over to Defendant." Doc. No. 34, p. 2. Defendant argues that the testimony was actually that the officers "pulled up directly in front of him." Doc. No. 41, p. 2.
>
> (3) The magistrate's finding that Defendant produced his identification card, pursuant to the order of the officers, they asked him if he had weapons on him. Doc. No. 34-2. Defendant argues that Officer Alejandro actually testified that Officer Sluss asked Defendant for his ID and began running it on ACIC. Doc. No. 28-31. Officer Alejandro was standing in front of Defendant, blocking his forward progression.

---

[1]See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

3

Id.² At this point, Defendant was not free ignore the officers who had just told him they saw him breaking the law and was not free to leave. Doc. No. 28-24.

(4) The omission of a finding that had Defendant attempted to leave, he would have also been chargeable with obstruction (O.C.G.A. § 16-10-24) for hindering an officer in the lawful discharge of his official duties — citing Defendant for drinking in public.³

(5) The omission of a specific finding that at the point of Officer Alejandro's questioning of Defendant about whether he had a firearm, the Defendant had not been Mirandized.⁴

After *de novo* review of the transcript, the Court concludes that the magistrate's findings of fact are consistent with the transcript. The magistrate's findings are not unbelievable so as to warrant non-acceptance of those findings. See Ramirez-Chilel, 289 F.3d at 749.⁵ The Court further finds that even in considering the additional facts

---

² It appears that from Officer Alejandro's testimony that she was standing in front of Defendant, Defendant draws an inference that there was "blocking forward progression." The magistrate found that the officers "did not block [Defendant] from leaving. Doc. No. 34, p. 6.

³ It, again, appears that Defendant is drawing an inference from the testimony and not citing to actual testimony.

⁴ In the R&R, the magistrate wrote: Defendant was not given Miranda warnings before he was taken to jail. Doc. No. 34, p. 3.

⁵See also United States v. Powell, 628 F.3d 1254, 1257 (11th Cir. 2010) (holding that a district judge may not reject a magistrate judge's credibility determination without first re-hearing the disputed testimony) and United States v. Dorvilus, 357 F. App'x 239, 244 (11th Cir. 2009) (citing United States v. Raddatz, 447 U.S. 667, 674–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)) (holding that a district judge, however, "is not required to rehear witness

(and inferences) cited by Defendant, the ultimate ruling as the suppression motion does not change.

## II. Legal findings – motion to suppress

### A. Whether Defendant was illegally arrested

Defendant argues that the magistrate's finding that the initial encounter did not rise to the level of a seizure is not supported by the record. Doc. No. 41, p. 3. Defendant argues that the evidence presented at the suppression hearing shows: (1) that police illegally arrested Defendant for violation of a city ordinance that, under state law, does not subject offenders to arrest; (2) that police interrogated Defendant, while in custody, without giving <u>Miranda</u> warnings; and (3) officer searched Defendant's person without legal justification. Doc. No. 41, p. 15. The Court will address Defendant's arguments as follows.

It appears to the Court that the Defendant is essentially arguing that at the initial point of the police-citizen encounter and show of police authority, he was in custody/arrested (or *de facto* arrested) for drinking in public. Doc. No. 41, p. 17. The Court does not agree.

---

testimony when accepting a magistrate judge's credibility findings.").

5

After considering the totality of the circumstances, the Court finds that, at most, the initial encounter rose to the level of investigative detention, based upon the officer's reasonable and articulable suspicion that Defendant had violated the Atlanta city ordinance that prohibits drinking in public. See United States v. Perez, 443 F.3d 772, 777 (11th Cir. 2006) (holding that in order to justify an investigative detention, "the government must show a reasonable, articulable suspicion that the person has committed or is about to commit a crime") (internal citation omitted); United States v. Allen, 447 F. App'x. 118, 121 (11th Cir. 2011) (indicating that officers had a reasonable and articulable suspicion to justify a police-citizen encounter after observing defendant violate Atlanta's ordinances by crossing a street in front of oncoming traffic.").[6] The fact that said ordinance may or may not be an arrestable offense is not relevant to the Court's analysis, as the Defendant was not under arrest at the point of the initial police-citizen encounter/investigative detention.[7] Even

---

[6] The Court is unable to uphold the Defendant's argument that there was nothing further to investigate, because the officer's believed that they had probable cause at the time of initial encounter — as Defendant recognizes himself, that "[p]erhaps" there remained a question as to whether the liquid in the bottle was in fact beer. Doc. No. 41, p. 6. The evidence also showed that Officer Sluss wrote in his investigative report that he got out the vehicle and confronted Defendant because he wanted to talk to him about drinking on the street. Doc. No. 28, p. 23, lines 21-25.

[7] In addition, while the officers may have had an intent to arrest the Defendant at this time; the evidence does not show that this intent was communicated to the Defendant upon initial encounter.

AO 72A
(Rev.8/82)

supposing the Defendant was under arrest, the United States Supreme Court has held that "a custodial arrest does not violate the Fourth Amendment even if the crime for which the person is arrested is not an arrestable offense under state law." Cruz v. Davidson, --- F. App'x ----, 2013 WL 5832531, at *3 (11th Cir. Oct. 31, 2013) (citing Virginia v. Moore, 553 U.S. 164, 176 (2008)); see also United States v. Goings, 573 F.2d 1141 (11th Cir. 2009) (affirming district court's finding that it was irrelevant for purposes of the Fourth Amendment whether defendant's arrest violated state law, so long as the arrest was supported by probable cause). In the case *sub judice*, the officers were permitted to detain the Defendant to investigate the ordinance violation.

Contrary to the Defendant's argument, the fact that the investigation subsequently changed to officer safety and the subject of a firearm (without substantive inquiry into the ordinance violation) did not make the Defendant subject to an illegitimate, prolonged investigatory detention. The officers were allowed to ask the Defendant about the presence of a weapon in the absence of Miranda warnings to protect officer safety. See United States v. Smith, 322 F. App'x 876, 878 (2009) (holding that district court did not err in failing to suppress statements where officer's question to defendant if he had any weapons on him without giving him

Miranda was permissible under the public safety exception to Miranda). In addition, the officers were not required to give Miranda warnings before asking Defendant where the weapon was located. Doc. No. 34, p. 9. As stated by the magistrate, once Defendant admitted that he had a weapon, the officers were justified in handcuffing him and searching for the weapon. Id. at p. 7; Allen, 447 F.App'x. at 121 (holding that defendant's "admission to having a firearm gave the officers the requisite reasonable suspicion to believe that he was presently armed, thereby permitting a pat-down.")).

After the officers found the gun, they had probable cause to arrest Defendant for carrying a concealed weapon in violation of Georgia law. See O.G.C.A. § 16-11-126. After arrest, Miranda warnings were required before custodial interrogation. Thus, any statements Defendant made after the gun was found are suppressed.

After *de novo* review, the Defendant's objections on this ground are hereby overruled.

### B. Defendant's statements

Defendant agrees with the magistrate's recommendation that all of Defendant's statements made after he was arrested should be suppressed for violation of Miranda; however, Defendant disagrees as to the magistrate's finding

as to the time in which Defendant was in custody. Doc. No. 41, p. 16. More specifically, Defendant objects to the magistrate's finding that Defendant was in custody after the police found the gun. Defendant argues that he was in custody as soon as the police approached defendant and exhibited a show of authority. Doc. No. 41, p. 17. Based upon the Court's conclusion in section A and *de novo* review, the Court overrules Defendant's objection on this ground.

### III. Legal findings – motion to dismiss

#### A. Pre-Indictment Delay

In this ground of his objection, Defendant requests that the Court adopt the standard of the Fourth and Ninth Circuits, *in lieu of* the Eleventh Circuit's standard stated in United States v. Wetherland, 636 F.3d 1315, 1324 (11th Cir. 2011), which requires Defendant to prove an intentional act or omission on the part of the government that was calculated to disadvantage him. Doc. No. 41.

The Court declines Defendant's request to deviate from established Eleventh Circuit precedent. Springer v. Wal-Mart Assocs.' Grp Health Plan, 908 F.2d 897, 900 n.1 (11th Cir. 1990) ("even if there were a relevant circuit split, the district court is bound by controlling Eleventh Circuit precedent."). After *de novo* review, the Defendant's objection is overruled on this ground.

AO 72A
(Rev.8/82)

## B. Tenth Amendment

Defendant objects to the magistrate's conclusion that the indictment in this case does not violate the Tenth Amendment of the United States Constitution. Defendant argues that the magistrate ignored the arguments found in his Motion to Dismiss and requests *de novo* review. Doc. No. 41, p. 18.

In his Motion to Dismiss, as amended, Defendant argues that the filing of a federal indictment in this case represents the taking of an action by the United States Attorney that was in excess of the authority that federalism defines—which constitutes a violation of the Tenth Amendment to the United States Constitution. Doc. No. 18, p. 7. Defendant argues that the United States attorney must utilize her means for ensuring compliance with valid federal laws in a manner that affords appropriate respect to the sovereignty of the States and that in the case *sub judice*, the United States attorney has not afforded such respect to the sovereignty of the State of Georgia. Id. at p. 9. Defendant argues that the United States Attorney violated the Tenth Amendment and offended the sovereignty of the State of Georgia by interfering with and supplanting a considered judgment of her courts by choosing to indict Defendant as an "Armed Career Criminal" only after the State concluded otherwise by rendering a lenient judgment. Doc. No. 23, p. 3. Defendant asserts that

"[w]hen the United States Attorney waits until after the State has disposed of a case, only to take an action that has the effect of undoing what the State has done, the United States Attorney violates the Tenth Amendment." Id.

The Tenth Amendment states that: "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

As correctly noted by the magistrate, the Defendant has cited no relevant authority in support of his Tenth Amendment argument. Doc. No. 34, p. 15. The Court's review of applicable authority has also not yielded support for Defendant's argument. In the absence of direct authority showing that the present circumstances constitute a Tenth Amendment violation, the Court declines to uphold the Defendant's argument. Cf. Matter of Grand Jury Investigation of Targets, 918 F. Supp. 1374, 1383 (S.D. Cal. 1996) ("in this matter, the state of California has already concluded its investigation. Therefore, this federal investigation is not interfering with any state proceeding, and there is no intrusion on federal-state comity."). The Court is unable to conclude that a federal indictment of the Defendant undoes the State of Georgia's disposition of the matter, as the Defendant's state conviction still stands. After *de novo* review, the Court agrees with the magistrate's determination

that Defendant's argument is foreclosed by the Supreme Court precedent that allows federal prosecutions for the same conduct previously prosecuted and punished by a state. Doc. No. 34, p. 15; see United States v. Lanza, 260 U.S. 377, 382 (1922) (holding that "in the absence of special provision by Congress, conviction and punishment in a state court under a state law for [a crime] is not a bar to a prosecution in a court of the United States under the federal law for the same acts.").

The Defendant's objection on this ground is hereby overruled.

### C. Double Jeopardy

Defendant objects to the magistrate's conclusion that the indictment does not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Doc. No. 41, p. 19. Defendant recognizes that "[w]hile binding precedent seems to allow these types of prosecutions, the Supreme Court has overturned [its] own precedent numerous times in the past decade . . . [and Defendant] preserves this issue for appellate review." Id.

After *de novo* review, the Defendant's objection is overruled on this ground.

AO 72A
(Rev.8/82)

## CONCLUSION

The Report and Recommendation ("R&R") [Doc. No. 34] is hereby **ADOPTED** as the order of the court.

The Defendant's objections to said Report and Recommendation [Doc. No. 41] are hereby **OVERRULED**.

The Defendant's Motions to Dismiss Indictment [Doc. Nos. 16, 18] are **DENIED**.

The Defendant's Motion to Suppress Statements and Evidence [Doc. No. 19] is **GRANTED in PART and DENIED in part**. Defendant's statement after the gun was found in his possession is suppressed and inadmissible at trial. The following statement and evidence are admissible at trial, upon proper foundation: (1) Defendant's statement that he had a weapon in his waistband and (2) the gun found in Defendant's possession.

**IT IS SO ORDERED**, this 18th day of November, 2013.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)